UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENYA IVORY,

        Plaintiff,

  v.

        Case No. 19-cv-635-pp

NANCY A. BERRYHILL,

        Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is married, she is not employed, and she has a 17-year-old son she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff states that she receives $418 per month in W2-State Transitional payments (she says she's been approved for $608, but the payment has been reduced), her spouse receives $1,728 per

1

month in Social Security Disability Insurance, and her son receives $938 per month in "child benefit from parent." Id. at 4. According to the plaintiff, both the W2 payment and the child support will end on June 12, 2019, when her son turns 18. Id. Against this income, the plaintiff lists $2,472.36 in expenses ($972 mortgage, $265 credit card payments, $1,050 household expenses, $185.36 loan payments). Id. at 2-3. The plaintiff's spouse owns a 2002 Cadillac Deville worth $900, the couple owns a home worth $100,000 with no equity, they have $80 in a checking, savings, or other bank account, and they own no other property of value. Id. at 3-4. If the court includes the W2 and child support payments, the couple's income is approximately $600 per month more than their expenses; if the court does not include W2 and child support, which the plaintiff states will be ending shortly, the couple's expenses are approximately $740 more than their income. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint contains ten paragraphs outlining the various errors the plaintiff believes were made when she was denied benefits. Included among the plaintiffs allegations are: the ALJ did not apply the Commissioner's standards to his decision denying benefits to the plaintiff; the ALJ "played doctor" and relied on his lay interpretation of medical evidence without the support of expert medical opinion; the ALJ did not comply with the Commissioner's standards regarding evaluation of the plaintiff's complaints of pain and other symptoms and, as a result, understated the plaintiff's limitations; the ALJ held the plaintiff to a "higher standard" than called for by the regulations when he evaluated her statements about the limiting effects of her impairments; the ALJ created his residual functional capacity finding before evaluating the limiting effects of the plaintiff's symptoms and failed to properly state the weight given to the plaintiff's statements about those limiting effects; the ALJ failed to properly evaluate the aggregate effects of the plaintiff's severe and non-severe impairments when evaluating medical evidence to the listings and RFC; despite evidence proving the plaintiff could not work full time due to her impairments, the ALJ did not establish that the plaintiff could do "sustained work-related physical and mental activities in a work setting on a regular and continuing basis;" and the ALJ did not meet the Commissioner's step-five burden of proof. Dkt. No. 1 at 2-5. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the

Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 7th day of May, 2019.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**