# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENYA R. IVORY,**

    Plaintiff,

  v.                                                    Case No. 19-CV-635

**ANDREW SAUL,**
**Commissioner of Social Security,**

    Defendant.

## DECISION AND ORDER ON MOTION TO ALTER JUDGMENT

On September 20, 2020, I reversed the decision of the Commissioner of the Social Security Administration and remanded Kenya Ivory's case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four, on the grounds that the ALJ who decided Ivory's case was not constitutionally appointed and Ivory was not required to administratively exhaust this issue before raising it in the district court. Presently before me is the Commissioner's motion to alter the judgment pursuant to Fed. R. Civ. P. 59(e). (Docket # 37.) For the reasons I explain below, the Commissioner's motion is denied.

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard,

misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

The Commissioner does not present newly discovered evidence, nor does he argue the decision contains a manifest error of law. Rather, the Commissioner argues that the decision fails to address supplemental, out-of-circuit authority filed by both parties prior to the Court issuing its decision. (Docket # 37 at 1.) As stated in the decision, the Seventh Circuit has yet to weigh in on whether Social Security claimants forfeit Appointment Clause challenges to their ALJs if they fail to raise the claim in their administrative proceedings. (Docket # 35 at 6.) While the Commissioner is correct that the decision inaccurately states that the Third Circuit is the only circuit to address this issue thus far (*id.*), this is not a manifest error of law. A manifest error of law is a failure to recognize *controlling* precedent. *Oto*, 224 F.3d at 606. The decisions of the Sixth, Eighth, and Tenth Circuits are not controlling on this Court. Presumably more courts will continue to address this issue in the coming months.[1] However, unless and until the Seventh Circuit addresses this issue, Rule 59(e) is not a proper ground for relief.

For completeness, however, I disagree with the Tenth Circuit in *Carr v. Comm'r, SSA*, 961 F.3d 1267 (10th Cir. 2020) and the Eighth Circuit in *Davis v. Saul*, 963 F.3d 790 (8th Cir.

---

[1] For example, in the course of briefing this motion, the Fourth Circuit rendered a decision in *Lisa Probst and Sharron Bradshaw v. Saul*, Nos. 19-1529 and 19-1531 (4th Cir. Nov. 20, 2020). The Fourth Circuit joined the Third and Sixth Circuits in concluding that imposing an exhaustion requirement would be inappropriate.

2020). The *Davis* court rejected the claimants' arguments that exhaustion is not required, relying on a previous Eighth Circuit decision addressing an Appointments Clause claim in the context of members of the National Labor Relations Board. 963 F.3d at 794. The *Davis* court's principle concern, however, seemed to be the "intensely practical" issue of requiring an agency to "rehear a multitude of cases." *Id.* at 794. The *Davis* court was also concerned about the "perverse incentives that could be created by allowing claimants to litigate benefits before an ALJ without objection and then, if unsuccessful, to secure a remand for a second chance based on an unexhausted argument about how the ALJ was appointed." *Id.* at 795.

Similarly, the *Carr* court found that claimants must exhaust the Appointments Clause issue before raising it in federal court. The *Carr* court rejected the argument that the SSA proceedings are non-adversarial in nature, finding that while the ALJ's review of disability claims is largely non-adversarial, the Appointments Clause challenges are "adversarial" in that "a claimant must object to an ALJ's authority." 961 F.3d at 1275. The *Carr* court rejected the Third Circuit's decision in *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3rd Cir. 2020) as "unpersuasive and counter to [Tenth Circuit] precedent." *Id.* The *Carr* court also found that requiring issue exhaustion discourages the practice of "sandbagging," stating: "[W]ithout an exhaustion requirement, a claimant might proceed through the administrative process without raising an issue and then, if the SSA denies benefits, raise the issue in court and seek a new ALJ hearing." *Id.* at 1275 n.9.

The Sixth Circuit in *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537 (6th Cir. 2020), however, considered the opinions of the Third, Tenth, and Eighth Circuits, and found *Cirko*'s reasoning most persuasive. 973 F.3d at 540–47. I agree with the *Ramsey* court and find no basis to reconsider my assessment of *Cirko*. As the Commissioner has failed to show a manifest

3

error of law or fact, there is no basis on which to alter or amend the judgment pursuant to Rule 59(e). The Commissioner's motion for reconsideration is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to alter the judgment (Docket # 37) is **DENIED**.

Dated at Milwaukee, Wisconsin this 30th day of November, 2020.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge