KENYA IVORY,

      **Plaintiff,**

   v.                                  **Case No. 19-CV-635**

**MARTIN O'MALLEY,**
**Commissioner of Social Security,**

      **Defendant.**

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

Plaintiff Kenya Ivory, through her counsel, Attorney David F. Traver, requests the Court approve an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $11,091.25 to be paid to Attorney Traver by the Social Security Administration ("SSA") from Ivory's Social Security account. (Docket # 50.) For the reasons explained below, the motion is granted.

## BACKGROUND

On December 2, 2010, Ivory filed an application for a period of disability and disability insurance benefits, alleging disability beginning June 10, 2010 (Tr. 144) due to degenerative arthritis in the back and hip, degenerative disk disease, and a protruding disc at L4-L5 (Tr. 302). This application commenced over a decade of litigation at both the administrative level and before the district court.

After receiving an unfavorable decision from an Administrative Law Judge ("ALJ") on January 4, 2013 (Tr. 144–54), the agency's Appeals Council vacated the decision and remanded the case to an ALJ (Tr. 161–63). Upon remand, a second hearing was held before

a different ALJ, and Ivory amended her alleged onset date to June 1, 2012. (Tr. 11–22.) The ALJ found Ivory was not disabled and the Appeals Council denied review. (Tr. 850–52.)

On June 16, 2016, Ivory filed a complaint in the Eastern District of Wisconsin, Case No. 16-CV-739, challenging the agency's decision. (Tr. 856–60.) Upon joint stipulation of the parties, the court remanded the case for further processing on October 25, 2016. (Tr. 865–68.) Attorney Traver was awarded $2,735.30 in Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, fees on January 20, 2017. (Docket # 16 in Case No. 16-CV-739.) On remand, a third hearing was held (Tr. 729–96) and Ivory received another unfavorable decision on January 31, 2018 (Tr. 683). The Appeals Council denied review (Tr. 664–69) and Ivory again filed a complaint in this district, commencing Case No. 19-CV-635 on May 1, 2019.

On September 30, 2020, I reversed the Social Security Commissioner's decision denying Ivory's claim for a period of disability and disability insurance benefits and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 35.) The Commissioner subsequently filed a Fed. R. Civ. P. 59(e) motion to alter the judgment (Docket # 37), which was denied on November 30, 2020 (Docket # 40). I granted Ivory's request for EAJA fees on February 10, 2021, and awarded Attorney Traver $11,292.51 in fees. (Docket # 49.)

Upon remand, the ALJ issued a favorable decision on December 22, 2022. (Docket # 50-4 at 2.) Ivory was awarded disability benefits as of June 2012 and both her and her child were awarded past-due benefits. (Docket # 50-2; Docket # 50-3.) Ivory received a Notice of Award letter dated April 16, 2023, informing her that the SSA was withholding $30,478.75 from her past-due benefits to pay her representative. (Docket # 50-2 at 3.) Ivory's attorney at

2

the administrative level, Attorney Dave Hudec, requested a fee in the amount of $29,750.00 for his services, and the SSA awarded him the reduced fee of $19,387.50. (Docket # 50-4.) Attorney Traver, who represented Ivory before the district court, now seeks an award of attorney's fees pursuant to § 406(b) in the amount of $11,091.25. He further requests that he be allowed to retain the $14,027.81 in EAJA fees he was previously granted.

## ANALYSIS

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement, but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

Ivory agreed to pay Attorney Traver 25% of her past-due benefits award. (Docket # 50-1.) Twenty-five percent of the past-due benefits award equals $30,478.75 and Attorney Traver seeks a total fee of $25,119.06 (comprising the $11,091.25 requested and the $14,027.81 in EAJA fees previously awarded). Thus, counsel has met the "one boundary line" of requesting

3

a fee that does not exceed 25% of the past-due benefits. Even within the 25% boundary line, however, counsel must still show that the fee sought is reasonable. Attorney Traver argues that he undertook representation of Ivory in this case nearly eight years ago and eventually won her over $120,000.00 in past due benefits. (Docket # 51 at 6.) He argues that Ivory signed a fee agreement with the understanding that counsel's work would be determined on the basis of risk-related contingency, regardless of the amount of the hourly fee. (*Id.*) Attorney Traver argues that, given the parties' intentions, the risk counsel assumed, the complete success achieved, and the effort spent by counsel, the fee requested is reasonable and not a windfall. (*Id.*)

I agree that the requested fee is reasonable. Although Attorney Traver does not indicate the total time spent litigating this case in district court, counsel has represented Ivory through two district court actions over the course of several years. Counsel spent 56.20 hours in Case No. 19-CV-635 alone. (Docket # 47.) The total fee amount of $25,119.06, divided by the hours spent in just one of Ivory's district court cases (the 56.20 hours in Case No. 19-CV-635), equates to a fee of $446.96/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving an hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (approving an hourly rate of $666 per hour).

Furthermore, Attorney Traver achieved a fully favorable result for Ivory, who was awarded substantial back-pay, as well as disability benefits spanning back to June 2012, her alleged onset date. For these reasons, Attorney Traver's requested fee amount is reasonable.

4

The more complicated issue in this case is not the reasonableness of Attorney Traver's fee request, but how Attorney Traver is asking to be paid. Attorney Traver requests that he be allowed to retain the $14,027.81 in EAJA fees he was previously awarded and to receive the net amount of $11,091.25 retained by the SSA on Ivory's behalf to pay counsel.

It is common for plaintiffs' attorneys requesting § 406(b) fees to ask the Court not only to approve the reasonableness of the fee, but to order the fee dispersed in some specific manner. One of the most common requests stems from what is referred to the "Savings Provision" of the EAJA. In 1985, Congress amended the EAJA to clarify that an attorney does not violate § 406(b)(2) by accepting an EAJA fee in addition to a court fee under § 406(b)(1)—"but only if, where the claimant's attorney receives fees for the same work under both [§ 406(b)(1)] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." *O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020) (citing Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)).

Because the Savings Provision provides that counsel cannot keep both the EAJA fee and the § 406(b) fee, attorneys often request that rather than requiring *counsel* to refund the EAJA fees to the client, the *court* subtract the EAJA amount already paid from the § 406(b) fee requested and award counsel the net amount as the § 406(b) fee. The Commissioner generally takes no position on whether the Court should utilize this "netting" method of recovery, and that is the Commissioner's position in this case as well. (Docket # 54 at 3.) But the Seventh Circuit has stated that the netting method is disfavored because the language of the Savings Provision "imposes an obligation on the attorney—not the court, not the Commissioner—to return the amount of the smaller fee to the claimant." *O'Donnell*, 983 F.3d

5

at 957. And it is the role of the Court to apply that statute as written, "even if we think some other approach might accor[d] with good policy." *Id.* at 958 (internal quotations and citation omitted). The *O'Donnell* court also noted that the language of § 406(b)(1) vests the court with discretion to award a reasonable fee and determinate what that fee is—"It certainly does not restrict that discretion by compelling the court to award whatever fee, in whatever form, the lawyer requests." *Id.* at 957.

Ivory's fee request touches on another issue claimant's attorneys often face in the recovery of fees: the fact that multiple attorneys are seeking to recover fees from a single pool of claimant's past-due benefits. Ivory, like many claimants, was represented by counsel at both the administrative and district court levels. Section 406(a) regulates fees that attorneys may charge claimants for representation before the Commissioner. Absent a fee agreement, the agency may set any "reasonable fee." 42 U.S.C. § 406(a)(1). If a fee agreement exists, fees are capped at the lesser of 25% of past-due benefits or $4,000. 42 U.S.C. § 406(a)(2). Section 406(b) controls fees for representation in court and applies a flat 25% cap on fees. 42 U.S.C. § 406(b)(1)(A).

The SSA's Program Operations Manual System ("POMS") provides that the SSA will withhold up to 25% of a claimant's past-due benefits to pay counsel. *See* GN 03920.017 Payment of Representative's Fee, SSA POMS GN 03920.017. The agency withholds *one pool* of money from the past-due benefits to pay all counsel. In *Culbertson v. Berryhill*, the Supreme Court was faced with the issue of whether § 406 placed a cumulative 25% cap on attorney's fees payable for successful representation of a claimant before both the agency and the court. 586 U.S. 53, 60 (2019). The Court held that the 25% cap in § 406(b) applies only to fees for

court representation, and not to the aggregate fees awarded under §§ 406(a) and (b). *Id.* at 62. In so holding, the Court acknowledged that "presently the agency withholds a single pool of 25% of past-due benefits for direct payment of agency and court fees." *Id.* at 61. The Court found, however, that "[t]he agency's choice to withhold only one pool of 25% of past-due benefits does not alter the statutory text, which differentiates between agency representation in § 406(a) and court representation in § 406(b), contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits." *Id.*

But the agency's practice of withholding a single pool can result, as it did in Ivory's case, with a shortfall in the pool to pay both attorneys. Attorney Hudec was awarded $19,387.50 in fees under § 406(a). This award substantially depleted the originally withheld "pool" of $30,478.75 to only $11,091.25 remaining. Ivory, however, signed a fee agreement with Attorney Traver whereby she agreed to pay him 25% of her past-due benefits. Attorney Traver could demand the full $30,478.75 fee from Ivory but would have to refund her the $14,027.81 he previously received in EAJA fees. But the "pool" no longer has $30,478.75 in it. Thus, if Attorney Traver wished to recover his entire fee owed, he may be forced to sue his disabled client to collect the difference. *See, e.g.*, *Culbertson*, 586 U.S. at 60.

What Attorney Traver proposes instead is to keep the $14,027.81 he previously received in EAJA fees and take the remainder of the withheld "pool," i.e., $11,091.25. This takes his client out of the payment equation altogether, *see O'Donnell*, 983 F.3d at 958–59 ("Ultimately, Counsel would prefer that the fees he's earned be held in the secure hands of the federal government rather than by his client."), and means he realizes a total fee of $25,119.06 for his work performed before the district court. As I found above, this fee is

7

reasonable. Given the discretion § 406(b) provides, *see O'Donnell*, 983 F.3d at 957, I will approve counsel's request to be paid $25,119.06 in § 406(b) fees, consisting of a direct payment of $11,091.25 from Ivory's pool of past-due benefits and an offset of the $14,027.81 in EAJA fees previously received.

I caution, however, that counsel is allowed to proceed in this manner because of the unique set of circumstances presented in this case. Ivory's disability application had been pending for nearly a decade and went back-and-forth between the SSA and the district court three times. As a result, counsel at the administrative level incurred a rather large § 406(a) award atypical of these cases.

But Attorney Traver's request in this case is the exception, not the rule. The parties are reminded that it is not the job of the Court to ensure counsel is paid in the manner he prefers. Again, the Court is tasked with applying the statutes as written. This means that when plaintiffs' attorneys seek § 406(b) fees, I must, under the direction of § 406(b), ensure the fee is reasonable and, under the direction of the EAJA, ensure counsel "refunds" to claimant the lesser of the EAJA and § 406(b) fees. "'Any concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment'—not to this court." *O'Donnell*, 983 F.3d at 959 (quoting *Culbertson*, 586 U.S. at 62).

Turning last to the Commissioner's request that the Order contain specific language stating that the § 406(b) fee is to be paid out of Plaintiff's past-due benefits in accordance with agency policy (Docket # 54 at 3), I find it unnecessary to add such language and decline to do so.

8

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 50) is **GRANTED**. Attorney David F. Traver is awarded fees in the gross amount of $25,119.06. Counsel may retain the $14,027.81 in fees previously awarded under the Equal Access Justice Act, 28 U.S.C. § 2412, in partial satisfaction of the § 406(b) award. This leaves a net amount of $11,091.25 due to counsel.

Dated at Milwaukee, Wisconsin this 29th day of May, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge